UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GINA TURRA, ADMINISTRATRIX** of the Estate of LOUIS C. TURRA, Deceased, Individually and on behalf of the Decedent's Estate and SANTINO LOUIS TURRA, a minor by his mother and natural guardian, **GINA TURRA,**       **Plaintiffs,**       v. **UNITED STATES Of AMERICA** c/o U.S. DEPARTMENT Of JUSTICE, U.S. CUSTOM HOUSE, 2ND & CHESTNUT STREETS, PHILADELPHIA, PA. 19106       **Defendant.** | : : : : : : : : : : : **CIVIL ACTION NO. 02-3060** : : : : : : : |

### UNITED STATES' RESPONSE
### TO PLAINTIFFS' MOTION TO REMAND

Defendant, United States, by and through its attorneys, Patrick L. Meehan, United States Attorney in and for the Eastern District of Pennsylvania, and Cedric D. Bullock, Assistant United States Attorney for the same district, hereby files this Response to Plaintiffs' Motion to Remand, in the above captioned matter.[1] Additionally, the United States does hereby request that the Court enter an Order enforcing the

---

[1] On October 31, 2001, the United States Bureau of Prisons fully executed a Settlement Agreement to resolve an administrative tort claim action filed on behalf of Plaintiffs. Because one of the plaintiffs was a minor at the time the Settlement Agreement was entered into, the state of Pennsylvania requires court approval of that portion of the settlement affecting the interest of the minor.

executed Agreement.

**I   NATURE OF THE ACTION**

This action arises out of settlement agreement between the United States and the Estate of Louis C. Turra, Deceased, Individually and on behalf of the Decedent's Estate and Santino Louis Turra, a minor by his mother and natural guardian, GINA TURRA (hereinafter "Plaintiffs").  Plaintiffs allege that the Agreement entered into with the United States should include terms and conditions that were never a part of the executed Agreement.  Specifically, Plaintiffs would have the United States forward a portion of the settlement proceeds into an annuity account on behalf of the minor plaintiff.  The United States, seeks to have Plaintiffs' action dismissed as it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12 (b)(6).  Additionally, the United States does hereby request that the Court enter an Order enforcing the Agreement at issue under the executed terms and conditions.[2]

**II   FACTS**

On October 31, 2001, the parties to this action fully executed a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. Section 2672. (Copy attached as Exhibit A to Declaration of Michael D. Tafelski, Deputy Regional Counsel).  The parties agreed, as stated in paragraph nine, that:

> The United States of America agrees to pay the sum of $200,000.00 [TWO HUNDRED THOUSAND DOLLARS], which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from . . . the

---

[2] The fully executed Stipulation for Compromise Settlement and Release is attached as Exhibit 1.

subject matter of this settlement . . .

Moreover, paragraph nine details the specifics of the manner of payment and to whom payment was to be made. Specifically, settlement funds were to be wire transferred, to Plaintiffs' attorney and their "attorney agrees to distribute the settlement proceeds among the claimants, Gina and Santino Turra."

During the period between the execution of the settlement documents and actual processing of the wire transfer, Plaintiffs' attorney sent correspondence to the BOP referencing payment and alluding to the purchase of an annuity. However, this correspondence did not alter any of the terms or conditions of the Agreement. On January 24, 2002, as the wire transfer was being prepared for processing, Plaintiffs' attorney called the BOP and sent a facsimile to the United States Department of the Treasury requesting cancellation of the wire transfer. This request was based on the attorney's attempt " to work out an arrangement where a portion of the funds could be sent directly to an annuity company in order to set up a structured settlement on behalf of the minor Santino Turra."

On March 5, 2002, the United States wire-transferred, the settlement proceeds in accord with the Agreement. On March 7, 2002, Plaintiff filed a Motion to Enforce the Settlement Agreement in state court.[3]

Although Plaintiff argues that the United States should forward $80,000 of the settlement proceeds to an annuity broker on behalf of Plaintiff who is a minor child, the executed agreement must control.

---

[3] Plaintiffs motion included an unsigned settlement agreement that contained terms and conditions different from those in the fully executed Agreement. A copy of Plaintiffs' filing in state court is attached as Exhibit 2.

**LEGAL ARGUMENT:**

**I.     ONCE THE UNITED STATES BECAME AWARE OF PLAINTIFFS' CAUSE OF ACTION IT FILED IT'S REMOVAL WITHIN THE REQUISITE PERIOD.**

Plaintiff requests the Court remand this action to the Court of Common Pleas because the Government failed to file its motion for removal in a timely manner. Plaintiff alleges that the "defendant" knew of the claim in October 2001, upon the filing of a "Petition for Leave to Settle Wrongful Death and Survival Action." A review of this Petition shows that its purpose was to comply with the requirements of the Department of Justice regarding settling a lawsuit involving minors. (See Paragraph 5 of Stipulation); See also, Reo v. United States Postal Service, 98 F. 3d 73 (3d Cir 1996). There was no waiver of sovereign immunity or submission to the jurisdiction of the Court of Common Pleas on the part of the United States. Moreover, the Petition did not provide any notice to the United States relevant to the issues currently in dispute.

Plaintiff's subsequent filings in the Court of Common Pleas, including the Motion to Enforce Settlement", were never properly served on the only proper defendant to an FTCA action, the United States, as required under Rule 4(i) of the Federal Rules of Civil Procedure. This rule requires service upon the Attorney General and the United States Attorneys Office. Despite Plaintiff's attempts to proceed without the participation of the Government, as soon as the United States became aware of the Court of Common Pleas action, it filed a timely removal of the action from the Court of Common Pleas to the only proper forum, the United States District Court.

II. **EXCLUSIVE JURISDICTION OVER ADJUDICATIONS OF BREACH OF CONTRACT CLAIMS INVOLVING A FEDERAL AGENCY ARISING OUT OF A FEDERAL TORT CLAIM ACTION IS THE UNITED STATES DISTRICT COURT.**

Plaintiffs' attempt to construe the dispute at issue as a contract claim that belongs in the Court of Common Pleas. However, the Court of Common Pleas lacks jurisdiction over federal agencies in disputes involving allegations of breach of contract in settlement of FTCA actions. The District Court has exclusive jurisdiction over Plaintiffs' underlying claim which is based on the FTCA. See 28 U.S.C. § 1346(b). Where as here, the parties are really seeking to enforce or modify an agreement reflected in a court order that arose from a case instituted pursuant to the FTCA, the matter can only be adjudicated in the United States District Court. Accordingly, Plaintiff's motion to remand this matter to the Court of Common Pleas must be denied.

The District Court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it. See Hobbs & Co. v. American Investors Management, Inc., 576 F.2d 29, 33 & n. 7 (3d Cir.1978). Because motions for the enforcement of settlement agreements resemble motions for summary judgment, the Court must employ a similar standard of review. See Tiernan v. Devoe, 923 F.2d 1024, 1031-32 (3d Cir.1991). Accordingly, the Court must treat all the non-movant's assertions as true, and "when these assertions conflict with those of the movant, the former must receive the benefit of the doubt." Id. at 132. As is the case when the Court is resolving a motion for summary judgment pursuant to Rule 56 it must determine whether "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, the evidence of the nonmoving party is to be believed, and the

district court must draw all reasonable inferences in the non-movant's favor. Id. at 255. Moreover, "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness" for purposes of a motion to dismiss. 2A James Wm. Moore & Jo Desha Lucas, Moore's Federal Practice, Paragraph 12.07 (2-5) (2d ed. 1994). As the parties to this action knowingly entered into the Agreement and the United States performed under the terms and conditions of that Agreement, this Court must deny Plaintiffs' motion to enforce the modified Agreement and enforce the executed Agreement.

### III. Plaintiffs' Action Must be Dismissed as it Fails to State a Claim Upon Which Relief can be Granted.

Plaintiffs' action must be dismissed as it fails to state a claim upon which relief can be granted under the Federal Rules of Civil Procedure 12(b)(6). The United States and Plaintiffs entered into a final, signed, Stipulation of Compromise and Release for the settlement of the administrative tort claim involving the death of Louis Turra. As noted above, the Agreement clearly states that settlement of this action will be accomplished by the wire transfer of the entire agreed upon settlement amount of $200,000.00 to a bank account number furnished by the Plaintiffs' attorney. Immediately following the account information, the following appears: "Claimants' attorney agrees to distribute the settlement proceeds among the claimants, Gina and Santino Turra." The Agreement contains no provision for the United States to purchase an annuity on behalf of any of the plaintiffs. On March 5, 2002, the United States forwarded payment to Plaintiffs' attorney via wire transfer per the Agreement. Based upon the facts as set forth above, Plaintiffs fail to state a claim upon which relief can be

granted. There was no breach of the Agreement on the part of the United States, and Plaintiffs need only accept the settlement proceeds as agreed.

**IV.     Plaintiffs are Barred From Pursuing This Action Absent a Showing of fraud or bad faith.**

Plaintiffs, by executing the Agreement, are barred from bringing any further action based on the same events, absent a showing of, among other things, fraud or bad faith. Wright v. United States, 427 F. Supp. 726 (D. Del., 1977)(A layman's misunderstanding of the legal ramifications of accepting a settlement award, absent a showing of fraud, bad faith, or a willful effort to mislead or deceive, is not enough to vitiate the release). Plaintiffs' failure to appreciate the significance of the language in the "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. Section 2672" is not grounds for this Court to revisit the terms or conditions of the Agreement. Wright

## CONCLUSION

For the foregoing reasons, defendant respectfully asks that this Court deny plaintiff's Motion to Remand this matter to the Court of Common Pleas and enforce the executed Agreement.

Respectfully submitted,
PATRICK L. MEEHAN
UNITED STATES ATTORNEY


_____
JAMES G. SHEEHAN
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION


_____
CEDRIC D. BULLOCK
ASSISTANT UNITED STATES ATTORNEY
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8413

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GINA TURRA, ADMINISTRATRIX** Of the Estate of LOUIS C. TURRA, Deceased, Individually and on behalf of the Decedent's Estate and SANTINO LOUIS TURRA, a minor by his mother and natural guardian, **GINA TURRA,** | : : : : : : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 02-3060 : |
| **UNITED STATES OF AMERICA** c/o U.S. DEPARTMENT OF JUSTICE, U.S. CUSTOM HOUSE, 2ND & CHESTNUT STREETS, PHILADELPHIA, PA. 19106 Defendant. | : : : : : : |

**ORDER**

AND NOW, this      day of August, 2002, upon consideration of Plaintiffs' Motion to Remand and the response of the United States thereto, it is hereby ORDERED AND DECREED that Plaintiffs' Motion is DENIED and the Motion of the United States is hereby GRANTED.

_____
HONORABLE CLARENCE C. NEWCOMER
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date I caused a true and correct copy of the foregoing to be served by first-class United States mail, postage prepaid, upon the following:

ALAN E. DENNENBERG, ESQUIRE
1200 WALNUT STREET
PHILADELPHIA, PA 19107

                _____
                Cedric D. Bullock
                Assistant United States Attorney

July 29, 2002