UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA TURRA, ADMINISTRATRIX of the Estate of LOUIS C. TURRA, Deceased, Individually and on behalf of the Decedent's Estate and SANTINO LOUIS TURRA, a minor by his mother and natural guardian, GINA TURRA, : : : : : : : : | |
| Plaintiffs, : | |
| v. : | CIVIL ACTION NO. 02-3060 |
| UNITED STATES Of AMERICA c/o U.S. DEPARTMENT Of JUSTICE, U.S. CUSTOM HOUSE, 2ND & CHESTNUT STREETS, PHILADELPHIA, PA. 19106 Defendant. : : : : : : | |

### UNITED STATES' SUPPLEMENTAL RESPONSE
### TO PLAINTIFFS' MOTION TO REMAND

Defendant, United States, by and through its attorneys, Patrick L. Meehan, United States Attorney in and for the Eastern District of Pennsylvania, and Cedric D. Bullock, Assistant United States Attorney for the same district, hereby files this Supplemental Response to Plaintiffs' Motion to Enforce the Settlement Agreement (Agreement), in the above captioned matter.[1]  Additionally, the United States does hereby request that the Court enter an Order enforcing the executed Agreement with no

---

[1] On October 31, 2001, the United States Bureau of Prisons fully executed a Settlement Agreement to resolve an administrative tort claim action filed on behalf of Plaintiffs.  Because one of the plaintiffs was a minor at the time the Settlement Agreement was entered into, the state of Pennsylvania requires court approval of that portion of the settlement affecting the interest of the minor.

modifications on the ground that a state court has no jurisdiction to change the substantive terms of a settlement reached under the FTCA involving the United States.

## I   NATURE OF THE ACTION

This action arises out of settlement agreement between the United States and the estate of Louis C. Turra, deceased, individually and on behalf of the decedent's estate and Santino Louis Turra, a minor by his mother and natural guardian, Gina Turra (hereinafter "Plaintiffs"). Plaintiffs allege that the Agreement entered into with the United States should include terms and conditions that were never a part of the executed Agreement. Specifically, Plaintiffs would have the United States forward a portion of the settlement proceeds into an annuity account on behalf of the minor plaintiff. The United States, seeks to have Plaintiffs' action removed from state court and adjudicated in the United States district court. The United States does hereby request that the Court enter an Order enforcing the Agreement at issue under the executed terms and conditions.[2] The district court has exclusive jurisdiction over tort claims involving the United States for acts or omission of federal agencies or their employees acting within the scope of their duties. Here, the state court has no authority to bind the United States but only served as an approving body as to the interests of the minor child under Pennsylvania law.

## II   FACTS

On October 31, 2001, the parties to this action fully executed a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. Section 2672. (Copy attached as Exhibit A to Declaration of Michael D. Tafelski,

---

[2]The Settlement Agreement is attached as Exhibit 1.

Deputy Regional Counsel).  The parties agreed, as stated in paragraph nine, that:

> The United States of America agrees to pay the sum of $200,000.00 [TWO HUNDRED THOUSAND DOLLARS], which sum shall be in full settlement and satisfaction of any and al claims, demands, rights, and causes of action of whatsoever kind and nature, arising from . . . the subject matter of this settlement . . .

Moreover, paragraph nine details the specifics of the manner of payment and to whom payment was to be made.  Specifically, settlement funds were to be wire transferred, to Plaintiffs' attorney and their "attorney agrees to distribute the settlement proceeds among the claimants, Gina and Santino Turra."

During the period between the execution of the settlement documents and actual processing of the wire transfer, Plaintiffs' attorney sent correspondence to the BOP referencing payment and alluding to the purchase of an annuity.  However, this correspondence did not alter any of the terms or conditions of the Agreement.  On January 24, 2002, as the wire transfer was being prepared for processing, Plaintiffs' attorney called the BOP and sent a facsimile to the United States Department of the Treasury requesting cancellation of the wire transfer.  This request was based on the attorney's attempt " to work out an arrangement where a portion of the funds could be sent directly to an annuity company in order to set up a structured settlement on behalf of the minor Santino Turra."  Plaintiffs' Motion at paragraph 6.

On March 5, 2002, the United States wire transferred the settlement proceeds in accord with the Agreement.  On March 7, 2002, Plaintiff filed a Motion to Enforce the

Settlement Agreement in state court.[3]

Although Plaintiff argues that the United States should forward $80,000 of the settlement proceeds to an annuity broker on behalf of Plaintiff who is a minor child, the executed agreement must control. The Court has requested briefing exclusively on the issue of whether it has jurisdiction to hear this matter.

**LEGAL ARGUMENT:**

**I      The United States Has Not Waived Sovereign Immunity by Submitting a Settlement Agreement Involving a Minor for Approval in State Court.**

The underlying cause of action here is the alleged wrongful death of Louis Turra while incarcerated in a federal facility. That action was brought under the FTCA. 28 U.S.C. §§ 1346(b), 2671-80 (1994). District courts have original and exclusive jurisdiction to adjudicate claims under the FTCA. 28 U.S.C. § 1346 (b)(1). The Government's Notice of removal and Plaintiffs submissions concede that this action arises under the FTCA. Removal ¶ 7, Plaintiffs' Motion to Remand at ¶ 2. Removal of this action by the United States is proper in that 28 U.S.C. § 1441(a) permits the removal of any state court action over which "the district courts of the United States have original jurisdiction." District Courts have original and exclusive jurisdiction over FTCA actions under 28 U.S.C. § 1346(b)(1). See U.S. v. Kubrick, 444 U.S. 111, 113 (1979). Under section 1346(b)(1), the only causes of action which "arise under" the FTCA are: "civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful

---

[3] Plaintiffs motion included an unsigned settlement agreement that contained terms and conditions different from those in the fully executed Agreement. A copy of Plaintiffs' filing in state court is attached as Exhibit B.

act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Where, as here, there is a dispute with a federal agency the district court has jurisdiction under 28 U.S.C. § 1331 and § 1346.  See Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667 (1986).  The state court has no authority to bind the government or its agencies.  See Dumansky v. U.S., 486 F.Supp. 1078, 1082 (3rd Cir 2002); Miller v. Phila. Geriatric Ctr., 2002 WL 1565387 (E.D.Pa.).  A tort claim against a federal agency is within the exclusive jurisdiction of the federal court.  Thus, this matter is properly adjudicated by this court.

As a sovereign, the United States is immune from suit except on such terms to which it consents.  U.S. v. Testan, 424 U.S. 392, 399 (1976).  The terms of its consent to be sued define the court's jurisdiction to entertain a suit.  See U.S. v. Sherwood, 312 U.S. 584, 586 (1941).  The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and officers acting within their official capacity.  See Hager v. Swanson Group, Inc., 916 F.Supp. 447, 448 (E.D.Pa.1996).

The FTCA allows suits against the United States for torts committed by its employees within the scope of their employment.  See 28 U.S.C. § 1346(b).  The FTCA's limited waiver of the federal government's sovereign immunity vests exclusive jurisdiction in district courts for claims against the United States "caused by the negligent or wrongful act or omission of any employee of the Government while acting

within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act occurred."  Norman v. U.S., 111 F.3d 356 (3d Cir.1997) (quoting 28 U.S.C. § 1346(b) (1994)).

Plaintiffs brought the action, which underlies the settlement agreement at issue here, against the United States under the FTCA.  Admin. Claim ¶ 8.  The federal agency against whom the claim was filed entered into an agreement with Plaintiffs to resolve the administrative claim.  However, because the settlement involved a minor, state court approval was required before it could be finalized.  See Pa.R.C.P. No. 2039; Auger v. Children's Hosp. of Philadelphia, 1999 WL 1457495 (Pa.Com.Pl.) (The court has a ministerial function in overseeing settlements involving minors to the extent it approves or disapproves disbursement, counsel fees and reasonable expenses.)("It is not a mechanism to undermine or discount a mutually agreed upon settlement"). Plaintiffs' contend that they initiated this action in state court.  This action was actually initiated with the filing of an administrative claim with the federal agency, giving rise to the federal question, not with the filing of a settlement enforcement action in state court.

Under the FTCA, "the law of the place where the alleged act or omission occurred is to be applied." Turner v. Miller, 679 F.Supp. 441, 443 (M.D.Pa.1987); 28 U.S.C. § 1346(b).  Because Plaintiffs' reside in Pennsylvania and brought their claim to the federal agency located in Philadelphia, Pennsylvania, Pennsylvania state law will apply. Berman v. U.S., 205 F.Supp.2d 362, 364 (E.D.Pa. 2002).  Accordingly, under Pennsylvania state law any settlement involving a minor must first have the approval of the state court.  See, Pa. R. C. P. No. 2039.  Thus, the federal agency was compelled

to comply with the state law requirement of state court approval of settlements involving minors. If the United States purchases an annuity for the minor plaintiff, as Plaintiffs now seek to accomplish through modification of the Agreement, there are tax consequences that increase the settlement costs to the United States. The federal agency did not submit to the authority of the state court nor did it waive the United States' sovereign immunity.

Plaintiffs contend that they initiated this action in state court. In fact, this action was initiated with the filing of an administrative tort claim with the federal agency not with the filing of a settlement enforcement action in state court. Thus jurisdiction over any disputes in this matter rests exclusively with the district court.

## CONCLUSION

For the foregoing reasons, defendant respectfully asks that this Court deny plaintiff's Motion to Enforce the Agreement and enforce the executed Agreement.

Respectfully submitted,
PATRICK L. MEEHAN
UNITED STATES ATTORNEY


_____
JAMES G. SHEEHAN
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION


_____
CEDRIC D. BULLOCK
ASSISTANT UNITED STATES ATTORNEY
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8413

**IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GINA TURRA, ADMINISTRATRIX<br>Of the Estate of LOUIS C. TURRA,<br>Deceased, Individually and on<br>behalf of the Decedent's Estate<br>and SANTINO LOUIS TURRA, a minor<br>by his mother and natural guardian,<br>GINA TURRA,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES OF AMERICA<br>c/o U.S. DEPARTMENT OF JUSTICE,<br>U.S. CUSTOM HOUSE,<br>2ND & CHESTNUT STREETS,<br>PHILADELPHIA, PA.  19106<br>      Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:Civil Action No. 02-3060<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

AND NOW, this      day of Sptember, 2002, upon consideration of Plaintiffs' Motion to Remand and the response of the United States thereto, it is hereby ORDERED AND DECREED that Plaintiffs' Motion is DENIED and the Motion of the United States is hereby GRANTED.

                                                          _____
                                                          HONORABLE CLARENCE C. NEWCOMER
                                                          UNITED STATES DISTRICT COURT
                                                          EASTERN DISTRICT OF PENNSYLVANIA

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing to be served by first-class United States mail, postage prepaid, upon the following:

ALAN E. DENNENBERG, ESQUIRE
1200 WALNUT STREET
PHILADELPHIA, PA 19107

                                                   Cedric D. Bullock
                                                   Assistant United States Attorney

AUGUST 30, 2002