UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA TURRA, ADMINISTRATRIX of the Estate of LOUIS C. TURRA, Deceased, Individually and on behalf of the Decedent's Estate and SANTINO LOUIS TURRA, a minor by his mother and natural guardian, GINA TURRA,<br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES Of AMERICA c/o U.S. DEPARTMENT Of JUSTICE, U.S. CUSTOM HOUSE, 2ND & CHESTNUT STREETS, PHILADELPHIA, PA. 19106<br>      Defendant. | CIVIL ACTION NO. 02-3060 |

## UNITED STATES' REPLY TO PLAINTIFFS' SUPPLEMENTAL RESPONSE

Defendant, United States, by and through its attorneys, Patrick L. Meehan, United States Attorney in and for the Eastern District of Pennsylvania, and Cedric D. Bullock, Assistant United States Attorney for the same district, hereby files this Reply to Plaintiffs' Supplemental Response.

**I     NATURE OF THE ACTION**

This action arises out of Federal Tort Claims Act settlement agreement between the United States and the estate of Louis C. Turra, deceased, individually and on behalf of the decedent's estate and Santino Louis Turra, a minor by his mother and natural guardian, Gina Turra (hereinafter "Plaintiffs"). Plaintiffs allege that the Agreement entered into with the United States should include terms and conditions that were never a part of the executed Agreement. In Plaintiffs' Supplemental

Memorandum of Law, they assert that this dispute is a contract issue and therefore no longer governed by the jurisdictional requirements of the FTCA.

## II.  ARGUMENT

Federal courts are courts of limited jurisdiction.  They have jurisdiction to hear a case only when authorized by the Constitution or a statute, and that jurisdiction is not to be expanded by judicial decree.  <u>Kokkonen v. Guardian Life Insur. Co.</u>, 511 U.S. 375, 377, 128 L.Ed.2d 391, 395, 114 S.Ct. 1673 (1994); <u>Employers Insurance of Wasau v. Crown Cork & Seal, Inc. et.al.</u>, 905 F.2d 42, 45 (3rd Cir. 1990).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary lies upon the party asserting jurisdiction."  <u>Id.</u>; <u>Myers v. ADA</u>, 695 F.2d 716, 723 (3d Cir. 1980), <u>see</u>, <u>also</u>, <u>Rogers v. Frito-Lay, Inc.</u>, 611 F.2d 1074 (5th Cir. 1980)(federal courts are not common law courts of general jurisdiction).

**A.  Plaintiffs Breach of Contract Claims for Damages Must be Brought in the United States Court of Federal Claims.**

Plaintiffs argue that the underlying FTCA claim is extinguished and the dispute revolves solely around a contract dispute.  Plaintiffs Supplemental Memorandum at 4.  Jurisdiction over non-tort monetary claims against the United States is defined by the Tucker Act, 28 U.S.C. §§ 1346, 1491.  <u>DIA Nav. Co., Ltd. v. Pomeroy</u>, 34 F.3d 1255, 1267 (3rd Cir. 1994); <u>Chabal v. Reagan</u>, 822 F.2d 349, 353 (3rd Cir. 1987).  Under the Tucker Act, the United States and district courts share original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000.  However, for non-tort claims in excess of $10,000,  jurisdiction is vested exclusively in the United States Court of Federal Claims as provided under 28 U.S.C. § 1346(a).  <u>Id.</u>  Section 1346(a) provides in pertinent part:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal claims, of (1)... (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort...

Plaintiffs' claim for money damages easily exceeds the $10,000 threshold. The Court would lack subject matter jurisdiction if it views this matter solely as a contract dispute between the United States through its federal agency and Plaintiffs. Jurisdiction would then rest exclusively with the Court of Federal Claims.

## CONCLUSION

Based on the forgoing, Defendant respectfully requests that this Court retain jurisdiction under the FTCA or in the alternative transfer this matter to the Court of Federal Claims.

                                                Respectfully submitted,

                                                PATRICK L. MEEHAN
                                                United States Attorney

                                                _____
                                                JAMES G. SHEEHAN
                                                Assistant United States Attorney
                                                Chief, Civil Division

                                                _____
                                                CEDRIC D. BULLOCK
                                                Assistant United States Attorney

                                                Attorneys for United States of America

Dated: September 5, 2002