ABRAMSON & DENENBERG, P.C.
BY:  ALAN E. DENENBERG, ESQUIRE
IDENTIFICATION NUMBER:  54161
1200 WALNUT STREET, SIXTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19107
(215) 546-1345                                                   ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA TURRA, ADMINISTRATRIX : | |
| OF THE ESTATE OF            : | |
| LOUIS C. TURRA, Deceased,   : | |
| and on behalf of            : | CIVIL ACTION |
| SANTINO LOUIS TURRA, a minor : | NO.  02-3060 |
| by his mother and natural guardian, : | |
| GINA TURRA                  : | |
| Plaintiffs                  : | |
| v.                          : | |
|                             : | |
| UNITED STATES OF AMERICA    : | |
| c/o U.S. DEPARTMENT OF JUSTICE, : | |
| Defendants                  : | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFFS' PETITION TO REMAND

Notwithstanding the fact that pursuant to its Order of August 20, 2002 the Court limited both defendants and Plaintiffs to a seven (7) page Memorandum of Law to be filed by August 30, 2002, on September 5, 2002 defendants filed a Reply to Plaintiffs' Memorandum of Law.[1]  In its reply, defendants argue, for the first time, that Court of Federal Claims has exclusive jurisdiction over this case because it involves a contract dispute involving more than ten thousand dollars ($10,000.00).  To reach this conclusion, defendants had to concede that Plaintiffs were correct that there is no basis for subject

---

[1] The Reply was not only unauthorized by the Court's Order, but also defendants Reply exceeded the seven page limit and was filed 6 days late.  For these reasons, the Court should strike the Reply.

matter jurisdiction under the FTCA. However, defendant's contention that this case involves a contract dispute is simply wrong.[2]

The Court Order approving the settlement as to the Minor, Santino Turra, and the Court Order granting Plaintiffs' Motion to Enforce the Order approving the settlement, were final orders. *See e.g. Binker v. Commonwealth of Pennsylvania*, 977 F.2d 738, 744 (3d Cir. 1992) (district courts approval of settlement agreement a final order). Indeed, under Pennsylvania Law, the settlement agreement between the defendants and Plaintiffs was a binding contract at the time the agreement and release were executed. *Dengleer by Dengler v. Crisman*, 358 Pa. Super. 158, 163, 516 A.2d 1231, 1233 (1986). As the Court stated, "[t]he agreement to settle in a minor's action comes into existence prior to the court's approval and it is only the court's disapproval of the terms of the agreement to settle that would permit a party to be released from its obligation thereunder." *Id*. Absent such a release from the Court, the agreement is binding and not voidable by either party. *Id*. Accordingly, because the Plaintiffs and defendants reached a settlement agreement, executed a release and got approval of the settlement from the Court, which then entered and Order regarding distribution of the funds, there is no contract dispute in this case. The case is settled: over.

If defendants disagreed with the distribution of funds ordered by the Court, their only avenues of redress were by a Motion for Reconsideration or an appeal to the Pennsylvania Superior Court. Defendants chose neither. Instead, they removed the case to federal court and have been attempting to manufacture a dispute in order to get federal jurisdiction and avoid compliance with the state court order. Despite defendants attempt

---

[2] To the extent that defendants argue it is Plaintiffs' position that this case involves a "contract dispute", they mischaracterize Plaintiffs' position. It is Plaintiffs' position that there is no dispute, either contractual or otherwise.

at slight of hand, there simply is no dispute in this case and accordingly no basis for federal jurisdiction, in either the Federal District Court or the Federal Court of Claims.

        RESPECTFULLY SUBMITTED,

Date: September 16, 2002        BY:_____
        ALAN E. DENENBERG, ESQUIRE

ABRAMSON & DENENBERG, P.C.
BY:  ALAN E. DENENBERG, ESQUIRE
IDENTIFICATION NUMBER:  54161
1200 WALNUT STREET, SIXTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19107
(215) 546-1345                                                       ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA TURRA, ADMINISTRATRIX : | |
| OF THE ESTATE OF : | |
| LOUIS C. TURRA, Deceased, : | |
| and on behalf of : | CIVIL ACTION |
| SANTINO LOUIS TURRA, a minor : | NO.  02-3060 |
| by his mother and natural guardian, : | |
| GINA TURRA : | |
|        Plaintiffs : | |
|        v. : | |
| : | |
| UNITED STATES OF AMERICA : | |
| c/o U.S. DEPARTMENT OF JUSTICE, : | |
|        Defendants : | |

### CERTIFICATE OF SERVICE

      I, Alan E. Denenberg, Esquire, hereby certify that on September 16, 2002 a true and correct copy of Plaintiffs' Response to Defendants Reply to Plaintiffs' Petition to Remand was served via First Class Mail, postage prepaid, on the following:

| | |
|---|---|
| James G. Sheehan, Esquire | Cedric D. Bullock, Esquire |
| Assistant United States Attorney | Assistant United States Attorney |
| Chief, Civil Division | 615 Chestnut Street |
| 615 Chestnut Street | Philadelphia, PA  19106-4476 |
| Philadelphia, PA  19106-4476 | |

Date:  September 16, 2002

                                                ALAN E. DENENBERG, ESQUIRE