```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GINA TURRA, ADMINISTRATRIX | : | CIVIL ACTION |
| | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | NO. 02-3060 |
| | : | |
|     Defendant | : | |
| | : | |

**O R D E R**

AND NOW, this    day of September, 2002, upon consideration of Plaintiff's Motion to Remand (Document 8) and the parties' various submissions, it is hereby ORDERED that this matter be transferred to the United States Court of Federal Claims. All other pending motions before this Court shall be DENIED as moot. The Clerk shall MARK this case CLOSED for statistical purposes.

Contrary to the Defendant's assertions, the Federal Tort Claims Act (FTCA) plays no role in the instant dispute for purposes of determining jurisdiction or otherwise. The FTCA was removed from the equation when the parties settled the underlying claim which was brought under the FTCA. As the Defendant ultimately conceded, the instant matter can best be characterized as a contractual dispute. Jurisdiction for adjudication of contractual disputes involving the United States, in excess of

1

$10,000.00, (as is the case here) is solely vested with the United States Court of Federal Claims.  28 U.S.C. §§ 1346, 1491l; <u>DIA Nav. Co., Ltd. v. Pomeroy</u>, 34 F.3d 1255, 1267 (3d. Cir. 1994); <u>Chabal v. Reagan</u>, 822 F.2d 349, 353 (3d Cir. 1987). Therefore, this matter shall be transferred to the United States Court of Federal Claims as this Court lacks the necessary jurisdiction for further consideration.

       AND IT IS SO ORDERED.

                                          _____
                                          Clarence C. Newcomer, S.J.